IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TIA DRUMMOND,<br><br>    Plaintiff,<br><br>v.<br><br>AMAZON.COM.DEDC, LLC,<br><br>    Defendant. | :<br>:<br>:<br>:<br>:<br>: **Civil Action No. 18-293-RGA**<br>: Superior Court of the State of Delaware<br>: in and for New Castle County<br>: Civ. A. No. N17C-11-00071-VLM<br>:<br>: |

Tia Drummond, Newark, Delaware; Pro Se Plaintiff.

Jody Barillare, Esquire, Morgan Lewis & Bockius LLP, Wilmington, Delaware, Counsel for Defendant.

**MEMORANDUM OPINION**

August 28, 2019
Wilmington, Delaware



**ANDREWS, U.S. District Judge:**

Plaintiff Tia Drummond, who proceeds *pro se*, filed this employment discrimination action on November 8, 2017, in the Superior Court of the State of Delaware in and for New Castle County. (D.I. 1). Defendant Amazon.com, Inc. removed the action to this Court on February 21, 2008, after Plaintiff indicated her claims included a hostile work environment claim under Title VII. (D.I. 1-3 at 12-13). The Court has jurisdiction pursuant to 28 U.S.C. § 1331. The Court dismissed the case on December 4, 2018. (D.I. 13). Pending before the Court is Plaintiff's motion for leave to file an amended complaint and Defendant's opposition. (D.I. 14). Briefing on the matter is complete.

## BACKGROUND

Plaintiff is a Black/African American female (D.I. 6 at 19) who was employed by Defendant. The original complaint raised employment discrimination claims under Delaware law. (D.I. 1-1). The amended complaint raised employment discrimination claims "under the Federal Civil Rights statu[t]e," presumably 42 U.S.C. § 2000e, *et seq.*, for retaliation, harassment (hostile work environment), and discrimination (race and gender), but did not mention Delaware's employment discrimination statutes and contained an intentional infliction of emotional distress claim under state law. (D.I. 6 at 18-20).

On October 31, 2018, the Court granted Defendant's motion to dismiss. (*See* D.I. 11, 12). Plaintiff was given leave to amend Counts 1, 2, and 3 -- the Title VII retaliation, hostile work environment, and gender discrimination claims. The Court

1

dismissed with prejudice Count 4, the intentional infliction of emotional distress claim. Plaintiff was given until on or before November 20, 2018 to file a second amended complaint. (D.I. 12). She was warned that the case would be closed should she fail to timely file a second amended complaint. (*Id.*).

Plaintiff did not file a second amended complaint as provided by the Court's October 31, 2018 order. On December 4, 2018, the Court entered an order dismissing the action and closing the case. (D.I. 13). Two days later, on December 6, 2018, Plaintiff filed a motion for leave to file an amended complaint along with a memorandum of law. (D.I. 14, D.I. 15).

Plaintiff seeks leave to amend on the grounds that: (1) the proposed amended complaint provides additional details of race discrimination; (2) the motion for leave is timely; (3) the proposed amendment will not cause prejudice to Defendant; and (4) she has standing to obtain leave under Fed. R. Civ. P. 15. (D.I. 14, D.I. 15). Defendant opposes the motion on the grounds that: (1) Plaintiff failed to file a second amended complaint within the deadline set forth in the Court's October 31, 2018 order; (2) amendment is futile; and (3) it would be prejudiced by further amendment.[1] (D.I. 21).

---

[1] The Court does not address Defendant's second and third grounds in its memorandum. With regard to futility of amendment, Plaintiff may not recover against individual defendants under Title VII. *See Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1077 (3d Cir. 1996). The Court is unable to determine if Plaintiff exhausted her administrative remedies as no party provided the Court with Plaintiff's charge(s) of discrimination despite Defendant's reliance upon them in its supporting memorandum. (*See* D.I. 21 at 9, referencing Exhibits A, B, and C, which are not filed with Defendant's memorandum). The Court declines to address the issue of prejudice since the motion will be denied on other grounds.

## LEGAL STANDARDS

Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a Rule 12(b) motion, whichever is earlier. Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave. Rule 15 provides that courts should freely give leave to amend when justice so requires.

The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident & Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its

face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).

## DISCUSSION

The case was closed on December 4, 2018 for Plaintiff's failure to comply with the Court's October 31st order setting the November 20th deadline. Plaintiff did not seek additional time to file an amended complaint prior to the deadline. Nor did she move to reopen the case or file a motion for reconsideration once the case was closed. Instead, Plaintiff filed a motion for leave to file an amended complaint, without mention of the November 20, 2018 deadline, although she refers to the October 31, 2018 Order.[2] (*See* D.I. 14 at 3).

Plaintiff's motion with its incorporated memorandum of law states incorrectly that "this motion has been filed within the deadline set by the Court for '[a]ll motions to amend the Complaint and to join or add additional parties." (D.I. 14 at 2).[3] Plaintiff states in Docket Item 14 that the amendment will be "filed in accordance with the Court's Scheduling order" while she acknowledges in Docket Item 15 that no scheduling

---

[2] It was not necessary for Plaintiff to file a motion for leave to amend. Plaintiff was given leave to file a second amended complaint in the October 31st Order and provided with a deadline to do so.

[3] Given the content of the motion and its incorporated supporting memorandum, I suspect that Plaintiff used a "cut and paste" method in drafting the filing. The filing refers to "he" when Plaintiff is a "she," it refers to "new CitiMortgage Reps Defendants" who are not parties to this action, it refers to "Plaintiffs" when there is only one Plaintiff, and it refers to "fact discovery" when it does not appear that any discovery has taken place. (*See* D.I. 14 at 6).

4

order has issued in this case. (Compare D.I. 14 at 8 with D.I. 15 at 3 n.2). No scheduling and/or discovery order has been entered in this case.

Plaintiff did not mention her failure to comply with this Court's deadline until after Defendant raised it in its opposition and cites to cases why Plaintiff's motion should be denied. (D.I. 21 at 6-7). In her reply, Plaintiff states for the first time that she did not comply with the Order because her son, who lives in another state, was extremely ill, and she had to travel there to bring him back to Delaware so she could care for him. (D.I. 22 at 6) Plaintiff also seems to argue that, because the case was not closed until December 4, 2018, and she filed her motion for leave to amend just two days later, there is "no real delay" with her filing. (D.I. 22 at 11-12).

Here, Plaintiff waited until after final judgment was entered before seeking leave to amend. The December 4, 2018 order clearly states that the action is dismissed and the case is closed. "A dismissal, 'except for one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19' constitutes an 'adjudication on the merits.'" *Haagensen v. Superior Ct. of Pa.*, 390 F. App'x. 94, 97 n.7 (3d Cir. 2010) (quoting Fed. R. Civ. P. 41(b)) (rejecting argument that order did not constitute a final judgment because it did not include language declaring the case was closed or dismissed with prejudice). The December 4, 2018 Order dismissing the case operated as an adjudication on the merits and is considered a final judgment.

"Although Rule 15 vests the District Court with considerable discretion to permit amendment 'freely . . . when justice so requires,' the liberality of the rule is no longer applicable once judgment has been entered. At that stage, it is Rules 59 and 60 that

5

govern the opening of final judgments." *Ahmed v. Dragovich*, 297 F.3d 201, 207-08 (3d Cir. 2002) (quoting Fed. R. Civ. P. 15(a)). *See also Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007) ("After judgment dismissing the complaint is entered, a party may seek to amend the complaint (and thereby disturb the judgment) only through Federal Rule of Civil Procedure 59(e) and 60(b)."); *Jang v. Boston Scientific Scimed, Inc.*, 729 F.3d 357, 367-68 (3d Cir. 2013). "To hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation." *Ahmed*, 297 F.3d at 208 (quoting 6 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1489 (2d ed. 1990)). Plaintiff did not seek leave to amend through Rule 50 or 60 and, as a result, her motion for leave to amend is procedurally incorrect.

Whatever the reasons for Plaintiff's failure to comply with the Court's October 31, 2018 Order, if Plaintiff wants the Court to consider her proposed second amended complaint, she must comply with the Federal Rules of Civil procedure pursuant to Federal Rule of Civil Procedure 59(e) or 60(b) and Federal Rule of Civil Procedure 15(a).[4] Plaintiff's motion for leave to amend will be denied.

## CONCLUSION

---

[4] Plaintiff relies upon *Thompson v. Merck & Co.*, 2007 WL 124889 (E.D. Pa. Jan. 11, 2007), but that was a case where the plaintiff filed a "motion to reopen an action," not for leave to amend a complaint. There is no reference in Plaintiff's motion or the supporting memorandum to anything that could reasonably be construed as an inartful attempt to move to reopen this action. This is not surprising, as Plaintiff later states that she did not know the case had been closed.

6

Based upon the above discussion, the Court will deny Plaintiff's motion for leave to file a second amended complaint. (D.I. 14).

An appropriate order will be entered.